This was an appeal from a judgment of the District Court held at King and Queen Court-House, reversing an order of the County Court of Middlesex, by which administration with the will annexed of Philip Grymes was granted to the appellant.
In June, 180S, the will of Philip Grymes, of Brandon, was proved in the County Court of Middlesex. Philip Grymes, the relation of the testator, had originally been appointed one of the executors, but, by the direction of the testator, his name was struck out of the will. When it was exhibited for probate, he appeared, and insisted that a summons should issue to the parties interested, to shew cause why it should not be proved without this obliteration. ' The Court overruled the motion ; to which opinion of the Court an exception was taken; but no appeal was entered from the order admitting the will to probate.
At the September session, a summons was awarded, in the usual form, to four executors named in the will, requiring them to appear at the October term, and declare whether they would qualify'. Two of them appeared and refused to act as executors: the process was not executed on the two others. At this term, administration with the will annexed was granted to Sayre. A supersedeas was obtained to this order by Philip Grymes; and, at the April session of the District Court of King and Queen, held in 1806, the Court reversed the order, because the summons was not returned as to two of the executors. Prom which judgment an appeal was taken by Sayre to this Court.
Wickham, for the appellant.
Wirt, for the appellee.
Por the appellant it was contended that the supersedeas was improvidently awarded and ought.to have been quashed, as Philip Grymes was no party to the order appointing an administrator, and not even concerned in interest. That, if he were a proper party, the appointment of Sayre as administrator, without full service of the summons, was but an irregularity that might have been corrected by the County Court.
*On the part of the appellee it was insisted, that his appearance before the County Court when the will was proved, and taking an exception to the opinion of the Court were sufficient to constitute him a party; particularly as the substance of those exceptions was stated in the bill of exceptions. That the object of the supersedeas awarded by the District Court was to compel the County Court to correct the error, which had been committed in granting administration to Sayre without full service of the summons.
Saturday, July 11. The Judges† delivered their opinions.
JUDGE TUCKER.
Philip E. Grymes of Brandon made his will, and therein appointed his nephew Philip Grymes one of his executors, and executed it in the presence of four or five witnesses. At a subsequent day he directed the name of Philip Grymes to be struck out of his will, which was done in his presence by Ralph Worme-ley, and a memorandum thereof, signed by Wormeley in his own name, (not the testator’s,) was made on the back of the will, and attested by two witnesses; one of ■whom was a subscribing witness to the will. The will was exhibited for probat in Mid-dlesex County, June, 180S. Philip Grymes opposed the proof, and insisted a summons should issue to all the parties interested to shew cause why the will should not be proved without that obliteration. The Court overruled the motion, and admitted the will to record with the obliteration. Grymes excepted to the opinion of the Court; but did not appeal from the decision.
At September session, on the motion of T. Churchill, a summons was awarded to Ralph Wormeley and three other executors named in the will, to appear at the October term, and declare whether they would qualify or not. Two of them renounced the executorship. The process was not executed on the two others. At the same session, Sayre, who had married Mr. Grymes’s •daughter, and to whom a part of the estate after Mr. Grymes’s death was devised, was appointed administrator with the will annexed ; with the consent of Mrs. Grymes, as would appear from her being his security in the administration bond. Grymes did not appear, or contest Sayre’s appointment in the County Court, but applied for and obtained a writ of ^supersedeas to the order of October term appointing Sayre administrator. The District Court reversed that order, because the summons was not returned “executed” as to two of the executors. From this judgment of reversal Sayre appealed to this Court.
In England, the sentence of a Court of Probates, granting administration of an intestate’s estate, like the sentence of a Court of admiralty, is a procedure to which all the world (as has been said) are parties; that is to say, any person, whose interest may be affected thereby, may appear and contest it, if he thinks proper, within a limited time; which if he fails to do, he is forever concluded by it afterwards. Our law provides, in like manner, that, when a will is exhibited to be proved, the Court (instead of summoning the heir, as was formerly necessary) may proceed immediately to receive the probate thereof: and grant a certificate of such probate: but if any person interested shall, within seven years afterwards, appear, and bjr his bill in Chancery contest the validity of the will, an issue shall be made uj, whether the writing produced be the will of the testator or not, which shall be tried by a Jury: but, no such party appearing within that time, the probate shall be forever binding, (a) So, if a person dies, or is supposed to die intestate, if no person applies for administration within thirty days from his death, or at the next succeeding Court thereafter, the Court may grant the administration to any creditor or creditors, or to any other person in their discretion : but if any will be afterwards produced and proved by executors, or the wife or other distributee, who shall not have before refused, shall apply for the administration, it shall be granted, as if the former had not been obtained, (b) But in both these cases I presume it is necessary for the party, who may contest the probate of the will, or move to set aside the grant of administration, to prove that he hath an interest in the subject of controversy: and, failing to make that appear, he is not such party as will have a right to reverse what the Court hath done, however irregular, or even illegal. The case of Halcombe v. Purnell and others (May 6th, 1802) in this Court, in which the Court held that a principal obligor in a forthcoming bond, against whom the judgment in the original suit was rendered, but against whom no judgment was rendered on the forthcoming bond, was not entitled to appeal from a judgment against the surety in the forthcoming bond, is even a stronger case than that of *Dunlap v. the Commonwealth, (b) in which the Court decided that and amicus curia} cannot appeal. For in Holcomb’s case it must have appeared upon the face of the record that he was collaterally interested; since the surety would be entitled to recover the amount of the judgment, obtained against him, of the principal obligor, whenever he should discharge it; but not being immediately a party to the judgment, the Court-dismissed the appeal. Now, here, Mr. Grymes has not shewn by the record, to which the writ of supersedeas issued, that he hath any interest in the grant of the administration to Sayre. The persons, who, as far as appears by this record, have a right to supersede that grant, are, first, the executors who have not yet renounced; and, secondly, the widow of Mr. Grymes, if she have not concluded herself by her implied assent in becoming the surety of Mr. Sayre in the administration bond.
I am therefore of opinion that the judgment be reversed, and the writ of supersedeas quashed, as having been improvidently awarded.
JUDGE ROANE.
It was not competent for the District Court to reverse the judgment of the County Court unless the party praying the supersedeas had an interest in the controversy. A mere volunteer or amicus curias has not the liberty of appealing. This has often been decided here. The supersedeas in this instance only goes to the order of Middlesex County Court granting the administration to Sayre. Even the petition does not expressly apply to the order of the Court admitting the will to probate, though it refers to the proceedings at that time, as it were, arguendo. The only record to which the petition refers as annexed to and made the foundation thereof is that containing the grant of administration to Sayre. The former judgment of the Court has never been appealed from by him, and taking that judgment to be right, Grymes is not named as an ex *186 ecutor in the will. If the supersedeas in the present instance had also been pointed against that judgment, this Court must have taken the whole case into consideration, and then, possibly, he might have obviated the objection which now precludes him from contesting the judgment.
He may even yet do it by a proceeding to reverse the judgment of June, admitting the will to probate with the memorandum, and if bj’ such reversal he can establish *himself to be an executor named in the will he may hereafter perhaps avail himself of that character to vacate' the grant of administration to Sayre.
On the single ground, therefore, of the want of interest in Grymes, I am of opinion that the supersedeas issued improvidently, and that the order of the County Court be affirmed.
JUDGE FLEMING.
The counsel for the appellant in this case, has stated two points bn which he relies to shew that the judgment of the District Court is erroneous.
1st. That the supersedeas was improvidently awarded, and ought to have been quashed, as Philip Grymes was no party to the order appointing an administrator, and not even concerned in interest.
2d. That if he were a proper party, the appointment of Mr. Sayre as administrator, without full service of the summons, was but an irregularity, that might have been corrected in the County Court.
With respect to the first point, it appears b3> the record that Philip Grymes, (who had been named an executor in the will, and whose name had been obliterated by order of the testator,) at the time the will was admitted to record, moved the Court to suppress the evidence introduced to prove the same, as irregular and incompetent, until a summons had issued to all the parties having any interest under the will, and the trustees therein named, to require of them to shew cause if any they could, why the will should not be proven without regard to the obliteration aforesaid, and he the said Grymes permitted to take out letters testamentary of the estate of the testator, which summons was denied by the Court; to which opinion Grymes filed his exceptions; and whether thejr were sustainable or not seems immaterial to be considered here, as ■ they are sufficient in my conception to constitute him a proper party, as the granting letters of administration to Sayre was adverse to a right he was contending for, and especially as the substance of those exceptions is stated in the partition for a supersedeas.
As to the second point, “that if he was a proper party the appointment of Mr. Sayre as administrator, without full service of the summons, was but an irregularity, that might have been corrected in the County Court:” the irregularity (to give it no harsher name) was in direct violation of the law; and whatever the power of the County • Court may have been, it shewed no disposition *to correct the error; and the object of the supersedeas was to compel that Court to do so, and- was in my opinion properly awarded.
We have no occasion, I think, to resort to the English laws respecting administrations and testamentary controversies: our own statutes being explicit, and fully competent to the subject.
I am of opinion that the judgment of the District Court, reversing the order of Mid-dlesex County Court, is correct and ought to be affirmed. But as a majority of the Court is of a different opinion, the judgment is to be reversed.
Regula Generalis. — -Thursday, July 9, 1807.
The Court, in the case of Whiting v. Daniel and others, declared that in chancery causes it was unnecessary to read the record in the opening of the case; but that the counsel on both sides might state what they considered as proved by any deposition on which they relied, leaving it to the Court to inspect the record and decide whether the fact be made out by such deposition. And in future that should be the rule.
Regula Generalis. — Friday, July 10, 1807.
After the end of this present term, it will be expected that the Judges of this Court, respectively, shall be presented with the statement directed by the rule of this Court made the ISth day of May, 1804, within the first four days of each term; and no cause intended to be argued by counsel in which such statement is not presented accordingly, shall be argued by them in the same term In which the statement may be thereafter presented, unless -for some very special reason to the contrary appearing to the Court.
Regula Generalis. — Saturday, July 11, 1807.
■ In future no motion shall be permitted to be made, in any case not already before the Court, on the last day of the term, unless some very special reason appearing to the Court be assigned for hearing such motion.
*187 JUDGES PRESENT.
Peter Lyons, Esquire, President,
William Fleming, Esquire,
Spencer Roane, Esquire,
St. George Tucker, Esquire,
Philip Norborne Nicholas, Esquire, Attorney General.

JuoD&E Lyons being interested did not sit in the cause.

 L. V. Bfl. 1791, c. 92, s. 11.

Cb) Ibid. s. 29. 80.

 2 Call, 284.